IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : <br> : <br> ORION REFINING CORPORATION, : <br> : <br> Debtor. : <br> : <br> : | Civil Action Nos. <br> 07-510 and 07-520 |
| In re: : <br> : <br> FLUOR ENTERPRISES, INC., : <br> : <br> Plaintiff, : <br> v. : <br> : <br> ORION REFINING CORP., CYPRESS : <br> ASSOCIATES, LLC AS ORC DISTRIBUTION : <br> TRUST REPRESENTATIVES : <br> : <br> Defendant : <br> : <br> ORION REFINING CORPORATION : <br> : <br> Counter-Defendant : <br> : <br> v. : <br> : <br> FLUOR ENTERPRISES, INC. : <br> : <br> Counter-Defendant : <br> : | Adversary Proceeding No. 04-52447 (MFW) <br><br> [Parallel Contested Matter Under Fed. R. Bankr. P. 9024 and Fed. R. Bankr P. 60(b)] |

**STIPULATED ORDER STAYING APPELLATE PROCEEDINGS**

Orion Refining Corporation and Cypress Associates, LLC as the ORC Distribution Trust Representative (collectively, "Orion") and Fluor Enterprises, Inc. ("Fluor"), pursuant to Bankruptcy Rule 8011 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), by and through their respective counsel, hereby jointly

move this Court for an order staying all appellate proceedings pending further developments in this matter. As additional grounds therefore, the parties state as follows:

**Procedural History**

1. On July 20, 2007, the United States Bankruptcy Court for the District of Delaware entered an opinion and order along with findings of fact and rulings of law in the captioned matter (Docket Entry Nos. 135, 136 & 137).

2. Pursuant to the Court's Order, Fluor had sixty (60) days from entry of the order to submit its request for an award of pre-judgment interest and attorneys' fees and Orion had thirty days to submit any objection or response to Fluor's request (Docket Entry No. 137).

3. On July 30, 2007, Orion filed a Motion to Reconsider the Bankruptcy Court's opinion, under Fed. R. Bankr. P. 9023 (Docket Entry No. 138). Briefing on that motion was completed on or about August 29, 2007 (Docket Entry No. 165).

4. On July 30, 2007, Orion also filed a Notice of Appeal (Docket Entry No. 139) and on August 9, 2007, Fluor filed a Cross-Notice of Appeal (Docket Entry No. 145).

5. On August 13, 2007, Development Specialists, Inc. and Steven Victor filed a Motion to Intervene in the Adversary Proceeding accompanied by a Motion to Reconsider the Court's July 20, 2007 ruling (Docket Entry No. 148). Briefing on that motion was completed on or about September 18, 2007 (Docket Entry No. 175).

6. On September 13, 2007, Fluor submitted to the Bankruptcy Court pursuant to the court's request, a submission in support of its request for an award of pre-judgment interest and attorneys' fees (Docket Entry No. 174).

7.      Orion's response to that motion is currently due October 15, 2007.

**Request For Stay**

8.      Rule 8011 of the Bankruptcy Rules provides: "A request for an order or other relief shall be made by filing with the clerk of [court] a motion for such order. . ." Fed. R. Bankr. P. 8011(a).

9.      Fed. R. Bankr. P. 8002(b)(4) states that "[a] notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of [a motion under Fed. R. Bankr. P. 9023] is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until entry of the order disposing of the last such motion outstanding." See also, e.g., In re Markowitz, 190 F.3d 455, 461 (6th Cir. 1999) (notice of appeal filed after bankruptcy court issued order but before disposition of Rule 9023 motion to reconsider is "suspended" until the bankruptcy court rules on the Rule 9023 motion at which point the notice of appeal ripens); In re Margaret J. Myers, No. 07-14565, 2007 WL 2428694, at *5 (Bankr. E.D. Pa. Aug. 22, 2007) (timely filed motion under Rule 9023 acts to "suspend" the finality of the challenged order or judgment; if the motion is denied then the order or judgment is appealable).

10.     Courts have inherent power to manage their dockets in order to promote judicial economy and to protect litigants and counsel from wasteful uses of time and effort. Landis v. North American Co., 299 U.S. 248, 254 (1936); Concerned Citizens of Bushkill Twp. v. Costle., 592 F. 2d 164, 172 (3d Cir. 1979) (recognizing the power of courts to coordinate their business efficiently and sensibly). "Inefficient use of judicial

resources is as objectionable in bankruptcy appeals as in any other field." In re Jeanette Corp., 832 F.2d 43, 46 (3d Cir. 1987).

11.     Currently pending before the Bankruptcy Court are: 1) Orion's Motion for Reconsideration; 2) Development Specialists' Motion to Intervene and accompanying Motion to Reconsider; and 3) Fluor's request for pre-judgment interest and attorneys' fees, the briefing for which has yet to be completed.  For purposes of this stipulation, the foregoing three matters are defined collectively as the "Pending Matters."

12.     As the Bankruptcy Court's rulings on the Pending Matters could impact the issues that each party may desire to appeal and could also grant a new party standing to assert an interest in the underlying adversary matter as well as in this appeal, the parties jointly request that this Court stay the current appeal, pending further developments in the captioned matter.

13.     Such a stay will prevent wasting the time and effort of this Court as well as all parties involved and will assist in the efficient disposition of this matter.

14.     On or about August 30, 2007, Orion filed a motion in this Court seeking a stay of appellate proceedings (Docket Entry Nos. 07-510-5, 07-520-4).  Fluor is willing to consent to such stay under the terms of this Stipulated Order.

15.     Accordingly, the parties request a stay of all appellate proceedings until the earlier of: (1) ten (10) days after receipt by the opposing party of written notice by either party terminating the stay ("Stay Termination Notice") if no motion to continue the stay is filed within ten days following the filing of a Stay Termination Notice; or (2) a ruling by the Court denying a motion to continue the stay filed within ten days after delivery of the Stay Termination Notice by a party.

5

WHEREFORE, the parties jointly request that this Court enter an order in a form substantially similar to that filed herewith:

a) That all appellate proceedings, including briefing and argument, in this matter be stayed, in all events, provided that the stay of this order shall terminate upon the earlier of: (1) ten (10) days after receipt by the opposing party of written notice by either party terminating the stay ("Stay Termination Notice") if no motion to continue the stay is filed within ten days following the filing of a Stay Termination Notice; or (2) a ruling by the Court denying a motion to continue the stay filed within ten days after delivery of the Stay Termination Notice by a party; and

b) For such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
October 4, 2007

Respectfully submitted,

GREENBERG TRAURIG, LLP

/s/ Dennis A. Meloro
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 661-7000
*Attorneys for Orion Refining Corporation,*
*Cypress Associates, LLC as ORC Distribution Trust*
*Representatives*

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

/s/ Kevin J. Mangan
Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4340

and

MIDDLEBERG RIDDLE & GIANNA
Charles R. Penot, Jr.
201 St. Charles Avenue, 31st Floor
New Orleans, LA 70170
Telephone: (504) 525-7200

KENNEDY COVINGTON
Joseph B.C. Kluttz
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, N.C. 28202
Telephone: (704) 331-7485
*Attorneys for Fluor Enterprises, Inc.*

**ORDER**

Upon consideration of the foregoing Joint Stipulation Requesting Stay of Appeal (the "Stipulation"), it is hereby

ORDERED That all appellate proceedings, including briefing and argument, in the above-captioned matter be stayed, in all events, provided that the stay of this order shall terminate upon the earlier to occur of: (1) ten (10) days after receipt by the opposing party of a Stay Termination Notice by either party, if no motion to continue the stay is filed prior to expiration of such ten (10) day period; or (2) a ruling by the Court denying a motion to continue the stay filed within ten (10) days of receipt of a Stay Termination Notice.  Except as expressly provided in this Order, neither entry of this Order nor the Joint Stipulation shall prejudice or impair any rights, defenses or issues on appeal of Orion or Fluor as such rights, defenses or issues on appeal existed immediately prior to entry of this Order.

DATED: _____ __, 2007.

_____
United States District Judge